### UNDERHILL *vs.* THE NORTH AMERICAN KEROSENE GAS LIGHT COMPANY.

The defendants invited estimates for 26 or 27 meerschaums, or retorts, to be delivered in certain numbers, at certain dates; adding, "any number at our option." The plaintiff offered, in writing, to build 26 or 27, of brick, for $1650 each, or of iron at $1850 each. He then added this clause: "All the above to be in accordance with 1st plan and specification. dated 4th inst., and to be delivered at such dates and *in such numbers* as you may specify within the next 65 days." To this proposition the defendants replied, in writing, assenting to the same and to the terms thereof; and adding, "the above to be 27 meerschaums." *Held* that the plaintiff proposed a *variance* from the terms named by the defendants, in respect to the *option*, and the same was assented to by the defendants. That it was therefore an agreement for 27 meerschaums.

*Held also*, that the plaintiff was entitled to recover the damages which he had sustained on the breach of the contract by the defendants in refusing to take the whole number of meerschaums agreed on.

ON the 4th day of January, 1859, the respondents desired to have estimates on some pots, boilers or tanks, for the manufacture of kerosene oil, called "meerschaums," which they proposed to build of iron or brick. For that purpose, a specification and some drawings were prepared for the inspection and proposals of mechanics. In those specifications the respondents desired twenty-seven meerschaums to be constructed thereunder, of brick, deliverable at different times prior to the first day of July, 1861. After specifying that eight (the remainder of the twenty-seven) were to be delivered on the 1st July, the specifications contained a clause, "any number at our option," and then continued: "In addition to the above, we wish estimate for the same number of iron meerschaums, to be delivered as above." They then proceeded with a description of the iron ones so desired. The appellant, as one of the mechanics to whom these plans and specifications were delivered for proposals, concluded to make an estimate for twenty-six or twenty-seven of those meerschaums; consequently, on the 10th of January, 1859, he wrote a proposal to the respondents to the effect that he would contract to construct twenty-six or twenty-seven of

Underhill *v.* North American Kerosene Gas Light Co.

the brick meerschaums for $1650 each, or twenty-six or twenty-seven of the iron meerschaums for $1850. They were to be constructed in accordance with the first plans and specifications, dated January 4, 1859, and to be delivered at such dates, and in such numbers, as the company might specify in the next sixty-five days. On the same day, the secretary and acting business man of the company assented to the proposition of the appellant, and wrote to him to that effect. The appellant constructed seven meerschaums, each of twenty-five tons' capacity, and made one of a hundred tons, as an experiment. He stopped manufacturing, because he was prohibited from doing so by the respondents. They subsequently failed to pay the notes given for the meerschaums that were manufactured, and the company went into insolvency. The appellant was left with a large amount of manufactured iron on hand. The cost of the construction of each meerschaum was about $1020 ; the price was $1850 each. The actual loss of profit was about $830 on each machine, which, on the twenty left unmanufactured, would be over $16,600. The appellant brought his action to recover those damages. The referee found all the facts in favor of the appellant, excepting that he held that by the written memorandum subjoined to the specification, the option of any number of the meerschaums to be delivered was reserved to the defendants, and constituted one of the terms of the contract, and in stopping the work the respondents did what they had a right to do, and were not responsible for the damages sustained by the plaintiff on the work not executed, but contracted to be done. He therefore reported in favor of the defendants, and the plaintiff appealed from the judgment.

*D. McMahon,* for the appellant.

*S. E. Lyon,* for the respondent.

*By the Court,* LEONARD, J. The question here involved is the construction and meaning of a contract between the

parties for the manufacture of meerschaums, or retorts, used in extracting oil from bituminous coal. The defendants insist that the contract gives them the option as to the number to be built, while the plaintiff insists on the opposite rule.

The defendants invited estimates for twenty-six or twenty-seven meerschaums, to be delivered in certain numbers at certain dates. They then add, "any number at our option." The plaintiff offered in writing to build twenty-six or twenty-seven of brick for $1650 each, or of iron at $1850 each. He then adds this clause: "All the above to be in accordance with 1st plan and specification, dated 4th inst., and to be delivered at such dates and in such numbers as you may specify within the next 65 days."

We think the plaintiff here proposes a variance from the terms named by the defendants, in respect to the option. The offer is to build the whole number mentioned, giving the defendants sixty-five days within which they are required to specify the dates and numbers of the deliveries. To this proposition, made by the plaintiff, the defendants reply in writing on the same day, " and assent to the proposition and terms therein made." The defendants also add, "the above to be 27 meerschaums."

This was an agreement for twenty-seven meerschaums. The variation in the contract proposed by the plaintiff was assented to by the defendants.

The plaintiff was entitled to recover the damages which he had sustained on the breach of the contract by the defendants in refusing to take the whole number agreed on.

The judgment and report must be set aside, and the case sent back to the referee for a new trial, with costs to abide the event. The evidence already taken to stand, and each party to be at liberty to offer such further evidence as they may think proper.

[NEW YORK GENERAL TERM, February 3, 1862. *Ingraham, Leonard* and *Clerke,* Justices.]